IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| --- | --- | --- |
|  | : | NO. 10-018 |
| v. | : |  |
|  | : | CRIMINAL ACTION |
| AMIL GONZALES | : | NO. 07-636-4 |

## MEMORANDUM

PRATTER, J.                                                                     JANUARY 29, 2010

Amil Gonzales has filed a pro se petition for habeas corpus pursuant to Title 18 of the United States Code § 2241[1]. The upshot of Mr. Gonzales's petition is two-fold: he seeks to reduce the length of the 5-year period of supervised release to which he was sentenced, and he wants the Court to modify the condition of supervision that permits the assigned probation officer to make home inspections of Mr. Gonzales's residence while he is on supervision.

Mr. Gonzales is presently confined at the Metropolitan Detention Center in Brooklyn, New York, in the Eastern District of New York. Because Mr. Gonzales is not confined here in the Eastern District of Pennsylvania, even if it was appropriate in substance, his §2241 petition for habeas corpus relief cannot be filed in this District. By express requirement of the statute itself, his petition must be filed only in the federal district where Mr. Gonzales is imprisoned, i.e., the Eastern District of New York. See Yi v. Maugans, 24 F. 3d 500, 503 (3rd Cir. 1994); United States v. Kennedy, 851 F. 2d 689, 690 (3rd Cir. 1988); United States v. Ferri, 686 F. 2d 147, 158 (3rd Cir. 1982).

Here, even if Mr. Gonzales did not have the geographical and jurisdictional bar addressed

---

[1] This case was transferred to this Court's docket by Order dated January 8, 2010 because the petition was deemed related to Cr. No. 07-636-4, a matter that this Court already has on its docket.

above, his §2241 petition would have to be denied because his only avenue at this time to challenge the terms and conditions of any aspect of his federal sentence is by means of a Section 2255 application to the sentencing court. Hill v. United States, 368 U.S. 424, 427 (1962)[2]. He has not invoked Section 2255.

Finally, if the Court were to construe Mr. Gonzales's petition as a proper request for a modification of his term and/or conditions of his supervised release[3], the Court would not grant such a request because, at best, it is premature[4] and, in any case, no justification to alter any of the conditions has been presented[5].

Accordingly, this petition will be dismissed in toto.

BY THE COURT

 /s/ Gene E.K. Pratter 
Gene E. K. Pratter
*United States District Judge*

---

[2] None of the rare, limited or exceptional circumstances in which someone would be permitted to invoke §2241 rather than §2255 are present here. See In Re Dorsainvil, 119 F. 3d 245, 250-251 (3rd Cir. 1997).

[3] Early termination of supervised release is possible pursuant to 18 U.S.C. §3583(e).

[4] Mr. Gonzales has not yet started to serve his period of supervised release, and early termination of it cannot be considered until he has served at least one year under supervision. 18 U.S.C. §3583(e).

[5] Mr. Gonzales objects to the home visit condition. However, the Court has previously concluded by way of its incorporation of that condition among the conditions of his supervision as a standard tool to be available to probation officers that that limited deprivation of Mr. Gonzales's liberty is no greater than reasonably necessary to achieve the fully appropriate goal of making sure the probation officer has a full and adequate picture of a supervisee's situation even at home.